NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2351
_____

UNITED STATES OF AMERICA

v.

AUGUSTINE DECRUZ,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 3-11-cr-00199-001
District Judge: The Honorable A. Richard Caputo

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 29, 2016

Before: SMITH, HARDIMAN, and SLOVITER, *Circuit Judges*

(Filed: March 16, 2016)
_____

OPINION[*]
_____

SMITH, *Circuit Judge.*

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

A confidential informant (CI) advised a police officer in late January of 2011 that he could purchase cocaine from a man named Gus. After the CI contacted Gus by telephone, the police officer verified the CI was clean, provided him money for a controlled buy, drove to Gus's house, and watched as the CI entered the rear of the house and then emerged four minutes later with a substance that field tested positive for cocaine. In early February, the CI made a second controlled buy from Gus while the same police officer again watched from his vehicle. The purchased substance again field tested positive for cocaine.

Thereafter, the police officer swore out an affidavit and obtained a search warrant for Gus's house. Execution of the search warrant found Augustine DeCruz on the second floor in the hall, together with crack cocaine and two firearms, a Rossi .38 caliber handgun and a Ruger P95 9 mm handgun. DeCruz was arrested and detained. While DeCruz was incarcerated, his cellmate contacted the police to advise that DeCruz had bragged that the search had failed to discover a firearm in the basement and crack cocaine in folded laundry. Execution of a second search warrant produced a Remington rifle and an additional 151.7 grams of crack cocaine.

In June of 2011, a grand jury returned a three-count indictment charging DeCruz with possession with the intent to distribute 28 grams of a controlled substance containing crack cocaine; possession of the Rossi, the Ruger and the

Remington rifle in furtherance of a drug trafficking crime; and possession of a firearm by an alien who was unlawfully in the United States. DeCruz filed a pretrial motion seeking, *inter alia*, to suppress evidence seized during execution of the two search warrants for lack of probable cause and to disclose the CI's identity. Alternatively, DeCruz sought a *Franks* hearing.[1] The District Court denied DeCruz's motion in its entirety. Thereafter, pursuant to a written plea agreement, DeCruz waived his right to prosecution by indictment and entered a guilty plea to a two-count information charging him with possession with intent to distribute a substance containing an unspecified quantity of cocaine base and possession of only the Rossi and the Ruger handguns in furtherance of a drug trafficking offense.

Thereafter, DeCruz, represented by new counsel, moved to withdraw his guilty plea to the firearm offense. He asserted that his inability to read and write English prevented him from fully understanding the consequences of his guilty plea and that he was innocent of the "charge related to the gun." A148. During a hearing, DeCruz's counsel admitted the crack cocaine was DeCruz's, but asserted that DeCruz wanted to proceed to trial on the firearm offense because it was owned by someone else. The District Court denied DeCruz's motion to withdraw his guilty plea. Thereafter, the Court sentenced DeCruz to 46 months for the drug

---

[1] *See Franks v. Delaware*, 438 U.S. 154, 155-56 (1978).

trafficking offense and the 60 month mandatory minimum on the firearms offense to be served consecutively.[2]

On appeal, DeCruz contends the District Court erred in denying his pretrial motion to suppress evidence, to disclose the CI's identity, and to conduct a *Franks* hearing. DeCruz also asserts that the District Court erred by denying his motion to withdraw his guilty plea.[3]

Given the police officer's recitation in the affidavit of the circumstances leading up to and immediately following each of the two controlled buys, we agree with the District Court that the affidavit adequately established probable cause. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983) (reaffirming that the probable cause determination requires consideration of the totality of the circumstances to

---

[2] DeCruz's counsel failed to file an appeal as requested. DeCruz filed a timely § 2255 petition, asserting an ineffective assistance of counsel claim. Consistent with a stipulation of the parties, the District Court ordered the reinstatement of DeCruz's direct appeal rights. This timely appeal followed. The District Court had jurisdiction under 18 U.S.C. § 3231 and 28 U.S.C. §§ 2253(a) and 2255. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a).

[3] In reviewing the District Court's denial of the motion to suppress, we conduct clear error review of factual findings and plenary review of legal conclusions. *United States v. Riddick*, 156 F.3d 505, 509 (3d Cir. 1998). The denial of a motion to disclose the identity of a confidential informant is reviewed for an abuse of discretion. *United States v. Johnson*, 302 F.3d 139, 149 (3d Cir. 2002). We have yet to determine the standard of review for the denial of a *Franks* hearing, but need not resolve that standard here for reasons explained in the text. *United States v. Pavulak*, 700 F.3d 651, 665-66 (3d Cir. 2012). The abuse of discretion standard governs our review of the denial of DeCruz's motion to withdraw his guilty plea. *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003).

4

determine if "there is a fair probability that contraband or evidence of a crime will be found in a particular place"). Because the probable cause determination for the first search warrant depended upon the police officer's observations and not the CI's report of what transpired in the house, the omission of the CI's reliability and criminal history were not material to the finding of probable cause. For that reason, the District Court did not err in denying either the motion to conduct a *Franks* hearing or to suppress the evidence. In light of the criminal offenses charged in the indictment, there was no need to reveal the identity of the CI, whose earlier involvement in the controlled buys would not refute DeCruz's possession on the day of the initial search and seizure of the crack and the handguns.

Nor are we persuaded that the District Court abused its discretion in denying DeCruz's motion to withdraw his guilty plea. In ruling on a motion to withdraw a plea, the court "must consider" three factors: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). The District Court appropriately considered these factors. It noted that DeCruz did not assert his innocence as to the drug charge and that his alleged innocence on the firearms offense was based on his own uncorroborated statement that someone else owned the firearm (singular). *See* A148, 161. Notwithstanding DeCruz's illiteracy, the District Court

reasoned that DeCruz's active participation in the plea proceeding and solemn admission of guilt to the elements of each offense made DeCruz's subsequent reason for withdrawing his plea "appear[]" to be "a change of heart," which did not warrant granting the motion. A174.

DeCruz's contention that he did not understand the plea proceeding and that his plea was involuntary is belied by the transcript of the plea colloquy. The transcript showed that DeCruz was fully engaged in the proceeding, asking questions and raising his concerns. Moreover, his responses showed that he understood the significance of the information that had "dropped" not only a count from the indictment, but also the averment that the Remington rifle was used in furtherance of drug trafficking. DeCruz made clear that he was pleading guilty solely to possession of what was seized in the first search and affirmed he understood the plea agreement. When DeCruz raised concerns about sentencing and was ready to change his mind about pleading guilty, the hearing was continued only after DeCruz agreed that he decided to go forward with pleading guilty. The Court then ensured that DeCruz understood his sentencing exposure, the mandatory minimum and the fact that the law required one sentence to get "tacked on to the other." DeCruz said he understood these sentencing considerations and had no hesitation when he pleaded guilty to each count. These circumstances

6

support the District Court's finding that DeCruz had a "change of heart," which did not justify granting the motion to withdraw his guilty plea.

For the above stated reasons, we will affirm the judgment of the District Court.